Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner,
Gurdeep Singh.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; ET AL.,<br><br>    Respondents. | No.   CV 08-0881 MHP<br>DHS Alien Number:  A 72-966-539<br><br>PETITIONER'S STATUS REPORT |

After holding the Petitioner, Gurdeep Singh ("Mr. Singh"), in custody for nearly one year, the Department of Homeland Security ("DHS") "no longer maintains that [he] is inadmissible" to the United States.[1] *See* Att. A (*Submission of Form I-261 and Motion to Pretermit*). With the one year anniversary of Mr. Singh's detention just days away, DHS has resolved to commence Mr. Singh's removal proceedings anew. On March 15, 2008, the government lodged new charges of removability and, without presenting any argument or legal authority, DHS now

---

[1] On March 4, 2008, Sutter County Superior Court Presiding Judge Christopher R. Chandler ordered that Mr. Singh's felony conviction for violation of Cal. Penal Code § 236/237 be reduced to a misdemeanor, pursuant to that court's authority under Cal. Penal Code § 17(b). *See* Att. B *(Sutter County Superior Court Order)*. A misdemeanor violation of Cal. Penal Code § 236/237 is not a crime involving moral turpitude, as it lacks the requisite intent element.

Petitioner's Status Report
No. C 08-0881 MHP

alleges that Mr. Singh is ineligible for relief from removal as an alien who has been convicted of an aggravated felony. *Id.* On this point, the government is in error.

In determining whether Mr. Singh's offense constitutes an aggravated felony, the Court must employ the two-step categorical approach first set forth in *Taylor* and described in detail above. Under the first step of the *Taylor* analysis, the Court must "make a categorical comparison of the elements of the statute of conviction to the generic definition [of sexual abuse of a minor], and decide whether the conduct proscribed [by Cal. Penal Code § 288a(b)(1)] is broader than, and so does not categorically fall within, this generic definition." *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003). "[A]n offense qualifies as an aggravated felony if and only if the full range of conduct covered by the criminal statute falls within the meaning of that term." *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002).[2]

Cal. Penal Code § 288a(b)(1) encompasses conduct that is not "abusive." Because § 288a(b)(1) punishes "any person who participates in an act of oral copulation with another person who is under 18 years of age," it necessarily encompasses **consensual** sexual contacts between persons of the **same or similar ages**.[3] *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1194; *see*

---

[2] If the state statute at issue is divisible into several crimes or subsections, or if it is broader than the generic definition of the crime, the Court may conduct a modified categorical analysis. *Carty v. Ashcroft*, 395 F.3d 1081 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 346 (Oct. 3, 2005). Under this approach, the Court "will consider whether documentation or other judicially noticeable facts in the record indicate that [the respondent] was convicted of the elements of the generically defined [aggravated felony offense]." *Huerta-Guevara*, 321 F.3d at 887. "The idea of the modified categorical approach is to determine if the record unequivocally establishes that the [respondent] was convicted of the generically defined crime, even if the statute defining the crime was overly inclusive." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002)(en banc). In this case, however, neither party has argued that there are judicially noticeable facts which might justify resort to a modified categorical analysis. Consequently, the Court need not conduct such an analysis.

[3] Obviously, this distinguishes § 288a(b)(1) from aggravated forms of oral copulation which would more likely be CIMTs, including § 288a(c)(2) which requires the perpetrator's use of "force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person," § 288a(c)(3) which involves the perpetrator's "threatening to retaliate in the future against the victim or any other person," and § 288a(f) and (i) which require the

Petitioner's Status Report
No. C 08-0881 MHP

1   *also People v. Hillhouse (*2003) 109 Cal.App.4th 1612, 1619-20 (noting that section 288a(b)(1)
2   "makes no reference to a minor's ability or inability to consent to sexual contact" and thus
3   "implement[s] a public policy making the described acts criminal without regard to such
4   consent"); *People v. Paul C*. (1990) 221 Cal.App.3d 43, 50 (Because Cal. Penal Code §
5   288a(b)(1) prohibits "any person" from committing the proscribed offense, the "perpetrator"
6   need not be an adult.). Thus, a 17 year old girl who voluntarily – or even enthusiastically –
7   lightly kisses her 17 year old boyfriend's genitals is guilty of violating Cal. Penal Code §
8   288a(b)(1). Because § 288a(b)(1) encompasses consensual sexual contacts and does not require
9   any disparity in age between the parties involved, it is not limited to inherently coercive
10  relationships like, for example, Cal. Penal Code § 261.5(c). *See Afridi v. Gonzales*, 442 F.3d
11  1212, 1217-18 (9th Cir. 2006)("unlawful sexual intercourse with a minor *who is more than three*
12  *years younger that the perpetrator*" in violation of Cal. Penal Code § 261.5(c) constitutes
13  "sexual abuse of a minor")(emphasis added).
14      Moreover although § 288a(b)(1) "applies to all acts of oral copulation with a person
15  **under the age of 18,**" Ninth Circuit case law – as well as common sense – suggest that, while
16  consensual underage sex may be psychologically harmful to a young teen, it may not be harmful
17  to an older one." *United States v. Lopez-Solis*, 447 F.3d 1201, 1208 (9th Cir. 2006) (emphasis
18  added). As the Ninth Circuit recently explained:

> [I]n [*United States v. Baron-Medina* 187 F.3d 1144 (9th Cir. 1999)], we held that consensual sexual contact with a minor under 14 necessarily involved psychological abuse because a child that young cannot understand the nature of an adult's sexual advances. Our society does not criminalize or automatically consider "abusive" similar conduct with a teen who has reached the age of majority, however. We do not believe something miraculous happens in the moments separating minority from majority. To the contrary, it seems logical to conclude that a teen's capacity to understand the nature of sexual relations increases gradually as he or she grows older. Thus, an almost 18 year old typically will have a higher level of sophistication about sex and a greater ability to understand the nature and ramifications of sexual activity than a younger teen or child. Consequently, as the victim's age increases, the concerns we expressed in *Baron-Medina* decrease.

*Id.* at 1209. Because 288a(b)(1) encompasses consensual sexual contact between persons just

---

commission of the act while the victim is unconscious or intoxicated.

1 one day short of their 18th birthday, it encompasses conduct that simply cannot be considered
2 "abusive." *Cf.*, *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003)(Nevada
3 conviction for lewdness with a child under 14 constitutes sexual abuse of a minor); *United States*
4 *v. Mendoza-Iribe*, 198 F.3d 742 (9th Cir. 1999)(per curiam)(California conviction for penetrating
5 genital or anal opening of a child under age 14 with a foreign object constitutes sexual abuse of a
6 minor for sentencing enhancement purposes); *Baron-Medina*, *supra* (California conviction for
7 lewd conduct with a child under 14 constitutes sexual abuse of a minor for sentencing
8 enhancement purposes); *In re V-F-D-*, 23 I & N Dec. 859 (BIA 2006) (Florida conviction under a
9 statute that criminalizes sexual activity between an adult who is at least 24 years of age and a
10 minor who is at least 7 or 8 years younger constitutes sexual abuse of a minor); *see In re*
11 *Rodriguez-Rodriguez*, 22 I & N Dec. 991 (BIA 1999) (Texas conviction for indecency with a
12 child younger than 17 constitutes sexual abuse of a minor where the statute provided an
13 affirmative defense where the actor (1) "was not more than three years older than the victim" and
14 (2) did not use duress, force, or a threat against the victim at the time of the offense").

15    Finally, § 288a(b)(1) defines oral copulation so broadly as to include "heavy petting."
16 Under the statute, "oral copulation" includes **"any contact**, **no matter how slight** between the
17 mouth of one person and the sexual organ or anus of another person. **Penetration is not**
18 **required**." *Judicial Council of California, Criminal Jury Instructions* CALCRIM (2006) No.
19 1082 (emphasis added).   Under this definition, a 17 year old girl who brushes her lips over her
20 17 year old boyfriend's penis is guilty of oral copulation.  Obviously, however, such conduct
21 cannot be regarded – at least not categorically – as abusive.

22    In any event, for the reasons set forth in his habeas, even if Mr. Singh's conviction for
23 oral copulation with another person who is under 18 years of age could be construed as an
24 aggravated felony, which it most definitely cannot, Mr. Singh remains entitled to a prompt bond
25 hearing before an Immigration Judge.

28 Petitioner's Status Report
No. C 08-0881 MHP

| | |
|---|---|
| Dated: March 18, 2008 | Respectfully submitted, |
| | LAW OFFICE OF ROBERT B. JOBE |
| | /s/ Robert B. Jobe |
| | _____ |
| | Robert B. Jobe |
| | 550 Kearny Street, Suite 200 |
| | San Francisco, CA 94108 |
| | (415) 956-5513 (phone) |
| | (415) 840-0308 (fax) |
| | Attorney for Petitioner |

Petitioner's Status Report
No. C 08-0881 MHP

RONALD E. LE FEVRE
Chief Counsel
JAMES S. STOLLEY, JR.
Deputy Chief Counsel
GLENNA Y. MACGREGOR
Assistant Chief Counsel
U.S. Department of Homeland Security
Immigration and Customs Enforcement
Office of the Chief Counsel
P.O. Box 26449
San Francisco, CA 94126-6449
(415) 705-4675

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CA

| | |
|---|---|
| In the Matter of<br><br>**SINGH, Gurdeep**<br>　　Respondent,<br><br>In Removal Proceedings | File No.: A72 966 539<br><br>**SUBMISSION OF FORM I-261 AND MOTION TO PRETERMIT**<br><br>San Francisco, CA<br>Judge: Hon. M. J. Yamaguchi<br>Master Calendar Date: April 21, 2008<br>Time:　9:00 AM |

Please find attached the Government's submission of Form I-261, Additional Charges of Inadmissibility/Deportability. The Government no longer maintains that respondent is inadmissible. The Government respectfully moves the Court to pretermit respondent's application for cancellation of removal. Respondent is ineligible for such relief by virtue of his conviction for an aggravated felony. INA § 237(a)(2)(A)(iii) (2007).

Dated: March 15, 2008

Respectfully Submitted,

_[signature]_
GLENNA Y. MACGREGOR
Assistant Chief Counsel
San Francisco, CA

**U.S. Department of Justice**

Immigration and Naturalization Service       **Additional Charges of Inadmissibility/Deportability**

In:   ☒ Removal proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

**In the Matter of:**

Alien/Respondent:  **SINGH, Gurdeep**

File No:  **A72 966 539**      Address:  **ICE CUSTODY**

There is/are hereby lodged against you the additional charge(s), in lieu of the charges in your Notice to Appear, that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony.

In support of the charge lodged against you there are submitted the following factual allegations in lieu of those set forth in the original charging document:

1. You are not a citizen or national of the United States;

2. You are a native of India and a citizen of India;

3. You were, on or about January 28, 1994, granted lawful permanent resident status to the United States of America;

4. You were, on or about June 25, 2003, convicted in the Superior Court at Sutter, CA for the offense of ORAL COPULATION WITH PERSON UNDER 18 (aggravated felony), in violation of Section 288a(b)(1) of the California Penal Code;

5. You were, on or about June 25, 2003, convicted in the Superior Court of Sutter, CA for the offense of FALSE IMPRISONMENT (felony), in violation of Section 236/237 of the California Penal Code.

Date: March 15, 2008

(signature of Government Counsel)

Form I-261(Rev 4/1/97)N

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of you hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have the opportunity to present evidence on your on behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Certificate of Service

This charging document was served on the respondent by me on March 15, 2008, in the following manner and in

compliance with section 239(a)(1)(F) of the Act:

☐ in person        ☐ by certified mail, return receipt requested        ☒ by regular mail

to:  Robert B. Jobe
Sara E. Coppin
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108

(Alien's address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

(Signature of Respondent if Personally Served)     (Signature and Title of Officer)

RICK WORRELL
Attorney at Law
716 D Street
Marysville, CA 95901
(916) 741-2200
State Bar No. 104152

Attorney for GURDEEP SINGH

**FILED**

MAR - 4 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SUTTER
CLERK OF THE COURT
By _____, Deputy

IN THE SUPERIOR COURT OF THE SATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SUTTER

THE PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,

VS.

GURDEEP SINGH,

    Defendant.

Case No. CRF-03-1194

ORDER REDUCING FELONY TO MISDEMEANOR

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that the conviction of the above named defendant on August 4, 2003, for violation of Penal Code Section 236/237 be hereby reduced to a misdemeanor.

Dated: 3-4-08

_____
Judge of the Superior Court
for James Dawson

RICK WORRELL
ATTORNEY AT LAW
716 D Street
Marysville, CA 95901
TEL (530) 741-2200
FAX (530) 742-9576

1