Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner,
Gurdeep Singh.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; ET AL.,<br><br>　　　Respondents. | No.   CV 08-0881 MHP<br>DHS Alien Number:   A 72-966-539<br><br>**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO CHANGE TIME; DECLARATION OF ROBERT B. JOBE; AND DECLARATION OF SARA E. COPPIN** |

　　　On this, the one year anniversary of his being taken into the custody of the Department of Homeland Security ("DHS"), Petitioner Gurdeep Singh ("Mr. Singh") vigorously opposes Respondents' motion to delay habeas proceedings.

　　　In their motion, Respondents assert that (1) "Petitioner is scheduled to appear before an Immigration Judge for a *Joseph* hearing on April 21, 2008," and that (2) "[i]f the Immigration Judge determines on April 21, 2008, that Petitioner is not properly subjected to mandatory detention, he or she can conduct a bond hearing and direct Petitioner's release." *Respondents' Motion to Change Time* at 2. Respondents further assert that "whatever the Immigration Judge decides will substantially modify the issues presented in the habeas petition before this Court." *Id.* at 2.

Petitioner's Opposition to Respondents' Motion to Change Time
No. C 08-0881 MHP

1  In point of fact, however, Mr. Singh is not scheduled for a "*Joseph* hearing" on April 21,
2  2008, and nothing the Immigration Judge does that day – short of obtaining DHS's agreement not
3  to appeal an order of release – will have any impact on the issues before this Court.
4  Notwithstanding the Respondents' suggestion to the contrary, the IJ scheduled Mr. Singh's April
5  21, 2008 hearing to (1) rule on Mr. Singh's previously-filed motion to dismiss DHS's charge that
6  he is subject to removal under 8 U.S.C. § 1182(a)(2), as an alien who has been convicted of a
7  crime involving moral turpitude, and (2) address DHS's contention that Mr. Singh is ineligible
8  for cancellation of removal. *See* Attachment ("Att.") A (*Declaration of Sara E. Coppin*).
9  Because Mr. Singh's April 21, 2008 hearing was scheduled well before DHS abruptly reversed
10 its litigation position – by confessing that Mr. Singh is not, in fact, *inadmissible* as charged but
11 rather *deportable* as an alien who has been convicted of an aggravated felony[1] – neither of the
12 parties has even raised the issue of whether the IJ will be able to conduct *Joseph* and Bond
13 hearings on April 21, 2008. Moreover, until DHS or the IJ formally admits Mr. Singh to the
14 United States, Mr. Singh remains an alien seeking admission and cannot be charged with
15 deportability as an aggravated felon. Notwithstanding DHS's recently-lodged aggravated felony
16 charge, however, neither the IJ nor DHS has yet seen fit to admit Mr. Singh to the United States.[2]
17  More importantly, Respondents' suggestion that a *Joseph* hearing will somehow alter the

---

[1] On March 14, 2008, DHS filed a Form I-261 (Additional Charges of Inadmissibility/Deportability), adding a charge of deportability, by alleging that Mr. Singh's conviction for oral copulation with a person under 18 constitutes an aggravated felony. The I-261 alleges a second conviction for a felony violation of Cal. Penal Code § 236/237, false imprisonment, which is incorrect. *See* Attachment B to Petitioner's Status Report (*Sutter County Superior Court Order*).

[2] On March 20, 2008, upon receipt of Respondents' motion, counsel for Mr. Singh spoke with counsel for Respondents regarding her claim that Mr. Singh had been scheduled for a *Joseph* hearing on April 21, 2008. *See* Att. B (*Declaration of Robert B. Jobe*). Minutes later, Deputy Chief Counsel Jim Stolley telephoned counsel for Petitioner and offered to have a *Joseph* scheduled immediately by the Immigration Court. The clerk of the Immigration Court then informed the parties that the soonest available date for which a *Joseph*/bond hearing could be set was April 25 or 28, 2008.

Petitioner's Opposition to Respondents' Motion to Change Time
No. C 08-0881 MHP

1   issues presented to this Court in Mr. Singh's habeas petition is false. In his habeas petition, Mr.
2   Singh contends that (1) his removal proceedings have not been "expeditious," and that
3   consequently nothing in the INA permits his lengthy and continuing detention; (2)
4   notwithstanding the BIA's contrary conclusion in *Matter of Rojas*, 23 I & N Dec. 117 (BIA
5   2001), 8 U.S.C. § 1226(c) does not encompass individuals like Mr. Singh who were taken into
6   DHS custody years after their release from criminal custody; and (3) notwithstanding the BIA's
7   contrary conclusion in *Matter of Joseph*, 22 I & N Dec. 799 (BIA 1999), 8 U.S.C. § 1226(c) does
8   not encompass individuals like Mr. Singh who have substantial arguments that they are not in
9   fact deportable on a charge that would render them subject to mandatory detention. Because the
10  IJ is bound to follow the Board's precedent to the contrary, he will not be able to address any of
11  these issues at a *Joseph* hearing. Rather, applying the procedures that Judge Tashima has
12  characterized "egregiously" unconstitutional, *see Petitioner's Petition for Writ of Habeas Corpus*
13  at 16-29, the IJ will be able to do nothing more than consider whether *Mr. Singh is able to*
14  *establish* that DHS is *"substantially unlikely"* to prevail in establishing that he is, in fact,
15  deportable as an aggravated felon. If Mr. Singh is able to meet that onerous burden, he will be
16  entitled to a bond hearing. If, after such a bond hearing, the IJ orders Mr. Singh's release,
17  however, DHS has the right to continue Mr. Singh's detention by invoking 8 C.F.R. §
18  1003.19(i)(2)'s automatic stay provision. Awaiting a yet-to-be scheduled *Joseph* hearing,
19  therefore, would serve only to allow Respondents to avoid responding to the issues raised by Mr.
20  Singh's habeas petition and avoid responsibility for their already lengthy unlawful detention of
21  Mr. Singh.

28  Petitioner's Opposition to Respondents' Motion to Change Time
    No. C 08-0881 MHP

1 | Dated: March 20, 2008         Respectfully submitted,

2 |                                LAW OFFICE OF ROBERT B. JOBE

3

4 |                                /s/ Robert B. Jobe
                                   _____
5 |                                Robert B. Jobe
                                   550 Kearny Street, Suite 200
                                   San Francisco, CA 94108
6 |                                (415) 956-5513 (phone)
                                   (415) 840-0308 (fax)
7
                                   Attorney for Petitioner
8

...

28 | Petitioner's Opposition to Respondents' Motion to Change Time
     No. C 08-0881 MHP

# Attachment A

Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner,
Gurdeep Singh.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH,<br><br>    Petitioner,<br><br>        v.<br><br>LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; ET AL.,<br><br>    Respondents. | No.   CV 08-0881 MHP<br>DHS Alien Number:  A 72-966-539<br><br><br><br>**DECLARATION OF SARA E. COPPIN** |

I, SARA E. COPPIN, declare the following:

1. I am an attorney in good standing with the Supreme Court of California, and an associate at the Law Office of Robert B. Jobe. I currently represent Gurdeep Singh ("Mr. Singh") in removal proceedings before Immigration Judge ("IJ") Michael Yamaguchi in San Francisco.

2. On March 4, 2008, Sutter County Superior Court Presiding Judge Christopher R. Chandler ordered that Mr. Singh's felony conviction for violation of Cal. Penal Code 236/237 be reduced to a misdemeanor, pursuant to that court's authority under Cal. Penal Code § 17(b). On March 7, 2008, I filed a motion to terminate removal proceedings on Mr. Singh's behalf, based

Declaration of Sara E. Coppin
No. C 08-0881 MHP

on the fact that he was no longer inadmissible as an alien convicted of a crime involving moral turpitude. On March 13, 2008, I appeared with Mr. Singh at Mr. Singh's individual hearing, at which we were prepared to present evidence supporting Mr. Singh's request for cancellation of removal. Assistant Chief Counsel Glenna McGregor ("Ms. McGregor") appeared on behalf of the Department of Homeland Security. Assistant United States Attorney Ila Deiss was also present at the hearing as an observer.

3. At the March 13, 2008, individual hearing, Ms. McGregor made an oral motion to pretermit Mr. Singh's application for cancellation of removal (EOIR Form 42A) on the grounds that Mr. Singh had been convicted of an aggravated felony, based on his conviction for a violation of Cal. Penal Code § 288a(b)(1).

4. The IJ set a briefing schedule for the government to respond to the motion, and to make arguments in support of their motion to pretermit. DHS's response and motion to pretermit is due March 28, 2008. My response to that brief is due April 4, 2008. Any additional responses from either party are due April 11, 2008. The IJ then set Mr. Singh for a master calendar hearing, rather than an individual hearing, on April 21, 2008, to rule on the motion and assess the procedural posture of the case. No mention of a custody redetermination hearing or a *Joseph* hearing was made by either myself, Ms. McGregor, or IJ Yamaguchi.

I swear and affirm, under penalty of perjury, that the foregoing declaration is true and correct to the best of my knowledge and was executed in San Francisco, California on the 20th day of March, 2008.

/s/ Sara E. Coppin
_____
Sara E. Coppin

Declaration of Sara E. Coppin
No. C 08-0881 MHP

# Attachment B

1  Robert B. Jobe (Cal. State Bar #133089)
   LAW OFFICE OF ROBERT B. JOBE
2  550 Kearny Street, Suite 200
   San Francisco, CA 94108
3  (415) 956-5513 (phone)
   (415) 840-0308 (fax)
4
   Attorney for Petitioner,
5  Gurdeep Singh.

6

7                       UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                           SAN FRANCISCO DIVISION

10

11 GURDEEP SINGH,                        )   No.   CV 08-0881 MHP
                                         )   DHS Alien Number:  A 72-966-539
12      Petitioner,                      )
                                         )
13      v.                               )
                                         )
14 LT. DAVID SEPULVEDA, JAIL             )   **DECLARATION OF ROBERT B. JOBE**
   ADMINISTRATOR, SANTA CLARA            )
15 COUNTY DEPARTMENT OF                  )
   CORRECTION; ET AL.,                   )
16                                       )
        Respondents.                     )
17 _____)

18
        I, ROBERT B. JOBE, declare the following:
19
        1. I am an attorney in good standing with the Supreme Court of California. I currently
20
   represent Gurdeep Singh ("Mr. Singh") in his petition for writ of habeas corpus before the U.S.
21
   District Court, Northern District of California, San Francisco Division.
22
        2. On March 18, 2008, my associate, Sara Coppin, and I were served via U.S. Mail, in an
23
   envelope with postage paid on March 17, 2008, a submission of Form I-261 and motion to
24
   pretermit, dated March 15, 2008. The submission was filed by Assistant Chief Counsel Glenna
25
   McGregor on behalf of DHS in Mr. Singh's removal proceedings before Immigration Judge
26
   Michael Yamaguchi in San Francisco, California.
27

28 Declaration of Robert B. Jobe
   No. C 08-0881 MHP

3. Although the proof of service was dated March 15, 2008 I personally called the Immigration Court and learned that the Form I-261 was actually filed with the court on March 14 2008.

4. On March 20, 2008, I was served via email with Respondents' motion to change time which asserted that Mr. Singh had been scheduled for a "*Joseph* hearing" on April 21, 2008. I immediately asked my associate, Sara E. Coppin, who represents Mr. Singh in his removal proceedings before the Immigration Judge, if this was true. She told me it was not, and that the purpose of the master calendar hearing on April 21, 2008, was to resolve conflicting motions raised by the parties, and had nothing to do with the question of Mr. Singh's detention.

5. I then called counsel for Respondents, Ila Deiss ("Ms. Deiss"), for an explanation as to why she asserted that Mr. Singh had a pending hearing on the question of mandatory detention when he did not.

6. Minutes after ending my conversation with Ms. Deiss, Deputy Chief Counsel Jim Stolley called me and agreed to join me in calling the Immigration Judge's clerk in order to request that a "*Joseph* hearing" be scheduled immediately. Mr. Stolley and I were then informed by the IJ's clerk that the soonest available date on which a "*Joseph* hearing" could be scheduled was April 25th or 28th. I then asked Mr. Stolley if he would be willing to waive appeal should a *Joseph* hearing go forward and the Immigration Judge orders Mr. Singh released. Mr. Stolley equivocated, saying something to the effect of "we'll cross that bridge when we get to it."

I swear and affirm, under penalty of perjury, that the foregoing declaration is true and correct to the best of my knowledge and was executed in San Francisco, California on the 20th day of March, 2008.

/s/ Robert B. Jobe
_____
Robert B. Jobe

Declaration of Robert B. Jobe
No. C 08-0881 MHP