JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH,<br><br>          Petitioner,<br><br>v.<br><br>LT. DAVID SEPULVEDA, Jail Administrator, Santa Clara County Department of Correction; EDWARD FLORES, Chief of Correction, Santa Clara County Department of Correction; ANTHONY M. AIELLO, Assistant Field Office Director, San Francisco District Office, U.S. Immigration and Customs Enforcement; JULIE MYERS, Assistant Secretary, U.S. Immigration and Customs Enforcement; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; MICHAEL B. MUKASEY, Attorney General, United States,<br><br>          Respondents. | No. C 08-0881 MHP<br><br>**RESPONDENTS' RETURN IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>Hearing Date:    April 28, 2008<br>Time:                 2:00 p.m. |

## I. INTRODUCTION

Petitioner Gurdeep Singh ("Petitioner"), a criminal alien who is currently in removal proceedings, has been in the custody of the Department of Homeland Security ("DHS") since March 2007. *See* Petition for Writ of Habeas Corpus at 1, 33. Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and asks this Court to order his release from

Return in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                                                1

1  custody, or in the alternative, to grant Petitioner a bond hearing. *Id.*

2  To the extent Petitioner asks this Court to review the lawfulness of his detention before the immigration courts have considered the matter, Petitioner has not exhausted his administrative remedies. To the extent Petitioner challenges his removability as an aggravated felon, his claims are barred by the REAL ID Act of 2005. To the extent Petitioner challenges his detention, he is subject to mandatory detention under the Immigration and Nationality Act (INA) and is being lawfully detained under 8 U.S.C. § 1226(c); INA 236(c). Accordingly, the Petition for a Writ of Habeas Corpus should be denied.

## II. FACTS

Petitioner is a native and citizen of India who became a lawful permanent resident of the United States in 1994. In June 2003, Petitioner plead *nolo contendere* to violation of Cal. Penal Code § 288a(b)(1) (oral copulation with a person under 18 years of age) and to a felony violation of Cal. Penal Code §§ 236/237 (false imprisonment).[1] He was sentenced to 360 days in prison, five years of formal probation, and two years of a Sex Offender Treatment Program.

In February 2007, Petitioner applied for and was granted advanced parole so that he could travel outside of the United States. Upon his return from Hong Kong, Petitioner was stopped at the Los Angeles airport. His parole was revoked and Petitioner was placed in removal proceedings by issuance of a Notice to Appear ("NTA"), charging Petitioner with being inadmissible as an "arriving alien" who has been convicted of a crime of moral turpitude under Immigration and Nationality Act, § 212(a)(2)(A)(i)(I), 8 U.S.C.A. § 1182(a)(2)(A)(i)(I). Declaration of Ila C. Deiss (Deiss Decl.), Exh. 1.

On March 15, 2008, ICE amended the NTA, stating that it no longer found Petitioner to be inadmissable, but rather removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of a crime that constitutes sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A), an aggravated felony. Deiss Decl., Exh. 2. On March 24, 2008, Petitioner moved in immigration court for a custody redetermination or a *Joseph* Hearing before the Immigration

---

[1]On March 4, 2008, Petitioner's conviction for violation of Cal. Penal Code § 236/237 was reduced to a misdemeanor. Petitioner's Status Report at 1, n.1.

Return in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                          2

Judge. Deiss Decl., Exh. 3. Petitioner is set to appear before the IJ on April 21, 2008 for a master calendar hearing. Deiss Decl., Exh. 4.

### III.  ANALYSIS

A.  PETITIONER'S ADMINISTRATIVE REMEDIES HAVE NOT BEEN EXHAUSTED

Administrative exhaustion may be "judicially imposed as a matter of prudence." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Id. (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)).

Here, The IJ will imminently decide matters that will impact Petitioner's detention. Deiss Decl., Exhs. 3,4. Currently, Petitioner is charged with an aggravated felony and is being mandatorily detained under 8 U.S.C. § 1226(c), INA § 236(c). Should the IJ find that Petitioner's conviction should not be categorized as an aggravated felony, Petitioner has the right to a bond hearing before the IJ under 8 U.S.C. § 1226(a). Deiss Decl., Exh. 3. To decide the habeas before the IJ has a chance to consider the charges against Petitioner would bypass the administrative process. Moreover, should the IJ decide that Petitioner is not an aggravated felon, the IJ has the jurisdiction to release Petitioner on bond if he sees fit, mooting the habeas. INA § 236(a); 8 U.S.C. § 1226(a).[2]

---

[2]Section 236(a) provides as follows:
On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States, Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on-
        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
        (B) conditional parole ...
INA 236(a), 8 U.S.C. § 1226(a).

B. <u>THE COURT'S REVIEW IS CONFINED TO PURE ISSUES OF DETENTION</u>

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. Division B of the Act consists of the "REAL ID Act." Section 106 of the REAL ID Act amends a portion of 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders. Pursuant to section 106, a petition for review to the court of appeals is the exclusive means of review of an administrative order of removal, deportation, or exclusion. REAL ID Act § 106(a). In this case, there is not yet a final order of removal; however, the REAL ID Act allows habeas review only over challenges to detention that are independent of challenges to removal. <u>See</u> H.R. Rep. No. 109-72 (2005), <u>reprinted in</u> 2005 U.S.C.C.A.N. 240, 300 (stating "section 106 would not preclude habeas review over challenges to detention that are <u>independent</u> of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders.") (emphasis added). Accordingly, this Court's decision is confined to the issue of whether Petitioner's detention is lawful under <u>Demore v. Kim</u>, 538 U.S. 510 (2003) and <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005).

Here, before the IJ is whether Petitioner should be removed as an aggravated felon. Deiss Decl., Exh. 2. Petitioner attempts to have this Court decide whether oral copulation with a minor is an aggravated felony for the purposes of removal. <u>See</u> Petitioner's Status Report at 2-4. This issue is properly before the immigration courts and any challenge to that determination must be brought to the Ninth Circuit Court of Appeals. Under the REAL ID Act, whether Petitioner is an aggravated felon or not, is beyond the bounds of the Court's jurisdiction. REAL ID Act § 106.

C. <u>PETITIONER IS CURRENTLY SUBJECT TO MANDATORY DETENTION</u>

Under 8 U.S.C. § 1226(c)(1)(B), the Secretary is required to detain "any alien who ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." <u>See</u> <u>Demore v. Kim</u>, 538 U.S. 510, 517-18 (2003) ("Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens-including those convicted of an aggravated felony.").

In <u>Kim</u>, the United States Supreme Court examined the history behind the mandatory detention

1  provisions of 8 U.S.C. § 1226. <u>Kim</u>, 538 U.S. at 518-20.  The Court found that "Congress
2  adopted this provision against a backdrop of wholesale failure by the INS to deal with increasing
3  rates of criminal activity by aliens." <u>Id.</u> at 518.  In addition, "Congress [] had before it evidence
4  that one of the major causes of the INS' failure to remove deportable criminal aliens was the
5  agency's failure to detain those aliens during their deportation proceedings." <u>Id.</u> at 519.  Indeed,
6  the statistics demonstrated that "[o]nce released, more than 20% of deportable criminal aliens
7  failed to appear for their removal hearings." <u>Id.</u>  Thus, the Court held that "[d]etention during
8  removal proceedings is a constitutionally permissible part of that process." <u>Id.</u> at 531.
9      The application of <u>Kim</u> is not affected by the Ninth Circuit's recent decision in <u>Tijani</u>.  In that
10  mere three paragraph majority opinion, the appellate court declined to set any precise limit on the
11  Government's detention authority under 8 U.S.C. § 1226(c) and <u>Kim</u>, but rather ruled that under
12  the circumstances of his protracted proceedings, Tijani's detention of two years and eight months
13  required that he be granted a bond hearing before an immigration judge. <u>Tijani</u>, 430 F.3d at 1242.
14  Petitioner is therefore subject to mandatory detention as an alien who has been convicted of an
15  aggravated felony.  8 U.S.C. § 1226(c)(1)(B).[3]

### IV.   CONCLUSION

For the foregoing reasons, Respondents respectfully request the Court to deny the Petition for a Writ of Habeas Corpus.

Dated: April 7, 2008              Respectfully submitted,

                                  JOSEPH P. RUSSONIELLO
                                  United States Attorney



                                  _____/s/_____
                                  ILA C. DEISS
                                  Assistant United States Attorney

---

In California, persons convicted of oral copulation with minors under 18, in violation of Cal. Pen. Code § 288a(b)(1) and persons convicted of sexual intercourse with minors, in violation of Cal. Penal Code § 261.5 are similarly situated for purpose of equal protection. <u>People v. Hofsheier</u>, 37 Cal.4th 1185 (2006).  The Ninth Circuit recently found § 261.5(c) to be an aggravated felony. <u>See Estrada-Espinoza</u>, 498 F.3d 933, 936 ( 9th Cir. 2007).  The Circuit has not squarely considered Cal. Pen. Code § 288a(b)(1).