Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner,
Gurdeep Singh.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; ET AL.,<br><br>    Respondents. | No.   CV 08-0881 MHP<br>DHS Alien Number: A 72-966-539<br><br><br><br><br>PETITIONER'S TRAVERSE |

In its brief response to Mr. Singh's petition for writ of habeas corpus, the government does not address – let along attempt to refute – Mr. Singh's contention that 8 U.S.C. § 1226(c) must be construed as encompassing only those aliens who have no substantial argument against the charges of removability that allegedly subject them to mandatory detention **or** Mr. Singh's contention that he is not subject to mandatory detention because he was not taken into the respondents' custody until four years after his release from criminal custody. *See Petition for Writ of Habeas Corpus* at 20-30, 30-33. Because the government has chosen not to challenge these aspects of Mr. Singh's petition, the Court should grant Mr. Singh's petition on those grounds, hold that Mr. Singh is not subject to mandatory detention under 8 U.S.C. § 1226(c), and order that Mr. Singh be released on reasonable conditions or immediately granted a bond hearing.

Petitioner's Traverse
No. C 08-0881 MHP                                                1

Although the government claims that the immigration judge "will imminently decide matters that will impact [Mr. Singh's] detention," it does not suggest that there is any chance that the IJ will rule in Mr. Singh's favor on either of the two issues set forth above. Nor could it. After all, the IJ is bound by the precedential decisions of the Board of Immigration Appeals ("the Board"), and the Board has already rejected both of these claims in published *en banc* decisions. *See In re Joseph*, 22 I & N Dec. 799 (BIA 1999); *In re Rojas*, 23 I & N Dec. 117 (BIA 2001). Because *en banc* panels of the Board have already rejected the two claims described above, there is no "prudential" reason for requiring Mr. Singh, who has already been in custody for more than a year, to re-litigate those issues before the IJ and the Board.[1] *See Sun v. Ashcroft,* 370 F.3d 932, 942-43 (9th Cir. 2004)("Some issues may be so entirely closed by prior BIA case law that no remedies are 'available . . . as of right' with regard to them before IJs and the BIA."); *El Rescate Legal Servs., Inc. v. EOIR*, 959 F.2d 742, 747 (9th Cir. 1992)("where the agency's position on the question at issue 'appears already set,' and it is 'very likely' what the result of recourse to administrative remedies would be, such recourse would be futile and is not required."); *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-18 (7th Cir. 2004); *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002); *Pastor-Camarena v. Smith*, 977 F.Supp. 1415 (W.D. Wash. 1997); *Selgeka v. Carroll*, 184 F.3d 337, 345 (4th Cir. 1999). Because the Board's position with respect to each of the two claims described above is "already set," it would serve no purpose to require Mr. Singh, who has already been in custody for more than a year, to re-litigate these issues before the IJ and the BIA. Accordingly, insofar as the government contends that this Court should decline to address those issues for "prudential" reasons,[2] the Court should reject that suggestion.

Insofar as the government argues that this Court has no jurisdiction to consider whether

---

[1] This is particularly true here because Mr. Singh had been detained a full year before the respondents withdrew their claim that he is an "arriving alien" and recognized, for the first time, that Mr. Singh is entitled to a *Joseph* hearing before an immigration judge. *See Respondents' Return* at 3.

[2] The government seems to recognize that this case does not implicate any statutory exhaustion requirement. *Respondent's Return* at 3-4.

Petitioner's Traverse
No. C 08-0881 MHP                                   2

Mr. Singh's conviction under California Penal Code § 288a(b)(1) brings him within the scope of 8 U.S.C. § 1226(c), *see Respondent's Return* at 3-4, it is mistaken for two reasons.  As a threshold matter, the government errs by ignoring *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006), where the Ninth Circuit made clear that "the Real ID Act's jurisdiction stripping provisions . . . does [sic] not apply [if the] claim *is not a direct challenge to an order of removal*." *See also Singh v. Gonzales*, 499 F.3d 969, 978-79 (9th Cir. 2007)(same).  Because Mr. Singh's challenge to his detention is "not a direct challenge to an order of removal," this Court has jurisdiction to consider it notwithstanding the Real ID Act.  Second, as Judge Tashima noted in *Tijani v. Willis*, 430 F.3d 1241, 1247 (9th Cir. 2005), "only those immigrants who could not raise a **'substantial' argument against removability** [on grounds that would trigger § 1226(c)(1)] should be subject to mandatory detention."  (Emphasis added).  Thus, any determination that the IJ may make as to whether Mr. Singh's offense constitutes an aggravated felony will not be determinative of whether Mr. Singh is subject to mandatory detention – an issue that turns on the related but distinct questions of whether he has a **"substantial" argument** that his offense is not an aggravated felony.  Under the Board's decision in *Joseph*, however, the IJ is precluded from addressing that question.  Consequently, this Court can and should address it in the first instance.

Finally, the government utterly fails to address or refute Mr. Singh's claim that in *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), the Ninth Circuit expressly held that the Immigration and Nationality Act's general detention statutes "permit detention only while removal remains reasonably foreseeable" and that "after a presumptively reasonable six month period, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing.'" *Petition for Writ of Habeas Corpus* at 10-16.  Because the Board is bound by the Ninth Circuit's interpretation of the INA's general detention statutes, there is no prudential reason for requiring Mr. Singh to litigate the *Nadarajah* issue before the IJ and the Board.  To the contrary, requiring him to do so after he has already been detained well in

excess of the six-month period described in *Nadarajah* would allow the respondents to thwart the Ninth Circuit's holding in *Nadarajah* and unlawfully extend Mr. Singh's already lengthy detention.

Dated: April 14, 2008   Respectfully submitted,

LAW OFFICE OF ROBERT B. JOBE

/s/ Robert B. Jobe
_____
Robert B. Jobe
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner