JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH, <br><br> Petitioner, <br><br> v. <br><br> LT. DAVID SEPULVEDA, Jail Administrator, Santa Clara County Department of Correction; EDWARD FLORES, Chief of Correction, Santa Clara County Department of Correction; ANTHONY M. AIELLO, Assistant Field Office Director, San Francisco District Office, U.S. Immigration and Customs Enforcement; JULIE MYERS, Assistant Secretary, U.S. Immigration and Customs Enforcement; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; MICHAEL B. MUKASEY, Attorney General, United States, <br><br> Respondents. | No. C 08-0881 MHP <br><br> **RESPONDENTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS** <br><br> Hearing Date:  May 27, 2008 <br> Time:  2:00 p.m. |

## INTRODUCTION

Petitioner Gurdeep Singh ("Petitioner") is a criminal alien currently in removal proceedings and in the custody of the Department of Homeland Security ("DHS") who has filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* Petition for Writ of Habeas Corpus ("Petition") at 1, 33. On April 28, 2008, the Court withheld ruling on Respondents' jurisdictional arguments and directed the parties to provide further briefing on the merits of Petitioner's petition.

Supplemental Brief in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                         1

1  Respondents hereby submit additional briefing, resubmitting that Petitioner has not exhausted his
2  administrative remedies and arguing that Petitioner's detention is mandatory in light of his
3  criminal conviction. Should the Court disagree, the matter should be remanded to DHS for a bond
4  determination.

## ADDITIONAL FACTS

6  Petitioner plead no contest in June 2003 to felony violations of the California Penal Code
7  Sections 288a(b)(1) and 236/237. *See* Petition, Exh. 2. A detailed probation report was submitted
8  to the State Court Judge in August 2003. *See* Declaration of Ila C. Deiss ("Deiss Decl."), Exh. 1.[1]
9  The Report was considered, adopted and signed by the judge. *Id.* The Report notes Petitioner's
10 prior misdemeanor conviction for assault in 2000, when he was still a juvenile. *Id.* The Report
11 also considers witness statements for the June 2003 charges. According to the Report, the victim
12 was 16 at the time of the offense and she stated that Petitioner threatened to tie her up and go rape
13 her friend if she did not perform oral sex on him. *Id.* According to Report, Petitioner pointed a
14 handgun at her. The Report recommended accepting Petitioner's conditional plea with 360 days'
15 imprisonment and a five year probation period, from August 2003 until August 2008. *Id.*

16 In 2006, Petitioner traveled to India to marry and upon his return he was stopped at LAX in
17 February 2007 by DHS when scanning his passport revealed a criminal background. Deiss Decl.,
18 Exh. 2. In March 2007, DHS took Petitioner into custody and issued a Notice to Appear, charging
19 Petitioner as an arriving alien, legal permanent resident of the United States "who has been
20 convicted of, or who admits having committed, or who admits committing acts which constitute
21 the essential elements of a crime involving moral turpitude ... or an attempt or conspiracy to
22 commit such a crime," in violation of INA § 212(a)(2)(A)(i)(I). *See* Petition, Exh. 1.

23 In June 2007, Petitioner asked DHS for release on bond and that request was denied. Deiss
24 Decl., Exh. 3. The District Director found that although Petitioner did not appear to pose a flight
25 risk, he posed a danger to the community because his sex offense included violence. *Id.*

26 In March 2008, DHS issued a new NTA, stating that it no longer found Petitioner to be

---

28  [1]Although this Probation Report appears to have been filed in State Court, out of an abundance of caution, Respondents have asked that the report be filed under seal.

Supplemental Brief in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                        2

inadmissable, but rather removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of a crime that constitutes sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A), an aggravated felony. On March 24, 2008, Petitioner moved unopposed in immigration court for a custody redetermination or a *Joseph* Hearing before the Immigration Judge. On April 21, 2008, the Immigration Judge upheld the new charges and found Petitioner removable to India as an aggravated felon. The Immigration Judge did not rule on the custody request and has not issued a reasoned decision on his finding to date.

## ARGUMENT

A. WHETHER PETITIONER'S BASIS FOR REMOVABILITY IS AN AGGRAVATED FELONY IS UP TO THE NINTH CIRCUIT COURT OF APPEALS

Petitioner recognizes that the issue of whether his Oral Copulation with a Minor conviction is categorically an aggravated felony is an issue properly decided by the Ninth Circuit Court of Appeals. *See* Petition at 5-9. Title 28 U.S.C. § 2241 authorizes the district courts to issue habeas corpus relief where a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The Supreme Court has held that § 2241 confers jurisdiction upon the federal courts to consider cases challenging the detention of aliens during deportation proceedings. *Demore v. Kim*, 538 U.S. 510 (2003); *Zadvydas v. Davis*, 533 U.S. 678 (2001). Although the REAL ID Act of 2005 eliminated district court jurisdiction over habeas corpus petitions challenging orders of removal, district courts retain subject matter jurisdiction over § 2241 petitions challenging the legality of an alien's detention. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). Therefore, the matter before this Court is solely whether Petitioner's ongoing detention during his removal proceedings is lawful.

B. PETITIONER IS SUBJECT TO MANDATORY DETENTION

From March 2007 until March 2008, Petitioner was deemed an arriving alien and he was being detained under INA § 235(b); 8 U.S.C. § 1225(b).[2] In June 2007, DHS determined that Petitioner

---

[2]Except as otherwise provided in this chapter, any arriving alien who appears to the inspecting officer to be inadmissible, and who is placed in removal proceedings pursuant to section 240 of the Act shall be detained in accordance with section 235(b) of the Act....8 C.F.R. § 235.3(d) (2006).

Supplemental Brief in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                  3

was a risk to the community because his sex offense involved violence and denied his request for release on bond.  Deiss Decl., Exh. 3.  In March 2008, ICE admitted Petitioner and charged him as removable as an aggravated felon.  Petition, Exh. 1.  In April 2008, the IJ agreed and found Petitioner removable, but has not yet issued a reasoned decision.  As an aggravated felon, Petitioner's detention during removal proceedings is mandatory under INA § 236(c), 8 U.S.C. § 1226(c).

Re-drafted in 1996, section 236 of the INA governs the Attorney General's authority to detain an alien during the pendency of removal proceedings. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), enacted at Division C of the Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208, § 303(a), 110 Stat. 3009-585-86 (Sept. 30, 1996) (codified at 8 U.S.C. § 1226).  Section 236(c) provides that the Attorney General is required to take into custody any alien who is deportable by reason of having been convicted of an aggravated felony or a crime involving moral turpitude "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation . . . ." 8 U.S.C. § 1226(c)( 1 )(B)-(C).  Petitioner was convicted in June 2003 of Oral Copulation with a Minor under 18 in violation of California Penal Code § 288a(b)(1).  Petition, Exh. 2.  This specific criminal statute has not been considered by the Ninth Circuit Court of Appeals to date.  In April 2008, the Immigration Judge determined that this crime is an aggravated felony and therefore, Petitioner is subject to mandatory detention.

Petitioner argues that he is not subject to mandatory detention under INA § 236(c) because he was not taken into immigration custody immediately upon his release from state custody as required by the express language of the statute.  Petition at 30-32.

Here, according to Petitioner's interpretation of the statute, mandatory detention under § 236(c) applies only where there is no lapse in time between the alien's release from state custody and the time he is detained by ICE.  Petitioner's erroneous interpretation would preclude DHS from detaining a violent criminal alien simply because local authorities failed to notify DHS of the alien's impending release.  Petitioner relies on decisions which Respondents respectfully submit were incorrectly decided.  Petitioner first came to Respondents attention when he traveled abroad

on immigration parole and was stopped upon reentry at LAX airport. He was promptly taken in to detention thereafter.

The BIA has rejected the interpretation of INA § 236(c) that petitioner advances here, and this Court, giving due deference to the agency's decision, should likewise reject it. Petitioner argues that § 236(c) does not apply to aliens who are released from incarceration on their underlying criminal offenses prior to being taken into DHS custody for removal. However, the BIA has held that § 236(c) applies to criminal aliens who were released from incarceration prior to being taken into ICE custody. In a 2004 BIA decision, for example, the Board stated that:

> The Immigration Judge cited Quezada-Bucio v. Ridge, 317 F. Supp.2d 1221 (W.D. Wash. 2004), for the proposition that the "when released" language of section 236(c) applies to aliens who were released from incarceration and immediately taken into DHS's custody. Contrary to the Immigration Judge's determination, we find that the respondent is subject to mandatory detention. The respondent was incarcerated in 2001 on the probation violation and thus was released from criminal custody after the 1998 TPCR expiration date. The fact that the respondent was not put into DHS custody until 2004 is irrelevant and does not change the result pursuant to section 236( c ) of the Act . . .

*In re Padilla-Vargas*, 2004 WL 2943509 (BIA 2004) (unpublished); *see also In re Kotliar*, 24 I&N Dec. 124 (BIA 2007); In re Rojas, 23 I&N Dec. 117 (BIA 2001) ("we read the 'upon release' clause as a direction pertaining to when the duty arises to take the alien into custody); *In re Noble*, 21 I&N Dec. 672 (BIA 1997) (interpreting similar language in the transitional rules and reaching the same conclusion).

Section 236(c) provides for mandatory detention of aliens deportable on certain grounds, including aggravated felony convictions under INA § 237(a)(2)(a)(iii), the section upon which petitioner was placed in removal proceedings. In construing the language of the statute, the Court must give effect to Congress' intent in enacting the statute, if that intent is clear. *See Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 843-44 (1984). If that intent is unclear, the Court must defer to the reasonable interpretation of the agency charged with implementing it, in this case, the BIA and DHS. *Id.* at 844. The agency's interpretation is reasonable so long as it is not "arbitrary, capricious, or manifestly contrary to law." Id.

At least two courts have relied on the BIA's decisions and held that Section 236(c) applies to criminal aliens like Petitioner who were taken into ICE custody some time after their release from

Supplemental Brief in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                5

Case 3:08-cv-00881-MHP   Document 18   Filed 05/12/2008   Page 6 of 8

1  incarceration on the charge which is the subject of the removal proceedings. *Saucedo-Tellez v.*
2  *Perryman*, 55 F. Supp.2d 882, 885 (N.D. Ill. 1999); Okeke v. Pasquarell, 80 F. Supp.2d 635, 638
3  (W.D. Tex. 2000). In Saucedo-Tellez, the court agreed that the language of Section 1226(c) was
4  not "unequivocally clear," and found, therefore, that the court was "obligated to defer to the
5  [BIA's] ruling" as set forth in Noble. *Saucedo-Tellez*, 55 F. Supp. at 885.

The *Saucedo-Tellez* court found that the BIA decision was not arbitrary and capricious and was, therefore, entitled to deference. This Court should likewise find that the relevant BIA decisions are entitled to deference and that their reasoning is sound.

Petitioner's reliance on *Nadarajah v. Gonzales* and *Tijani* is inapposite. In *Nadarajah*, the Ninth Circuit found that a non-criminal alien who had been granted relief from removal, who had been detained for approximately five years, and for whom a parole denial was an abuse of discretion, met his burden of proof by establishing that he could not be removed due to a grant of asylum. Unlike Nadarajah, Petitioner is a violent criminal, who has been ordered removed, who is not being detained through any abuse of discretion, and who is from a country to which he can be repatriated, India.

Petitioner's case is also distinguishable from *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). *Tijani* assumes without discussion or analysis that the alien was being detained pursuant to § 236. Although the alien in *Tijani* had been found removable, it appears from the concurring opinion that the Court's driving concern about his detention was that he had been mandatorily detained for 30 months "while courts continue to sort out whether his offenses actually fall within the reach of the mandatory detention statute". *Tijani*, 430 F.3d 1241, 1244.

Petitioner has been found removable by the Immigration Judge, has been denied relief, and is from a country to which he can be repatriated. He has presented no evidence that he is likely to succeed on appeal with his argument that Oral Copulation with a Minor is not categorically an aggravated felony. Even if the modified categorical approach were applied here, Respondents submit that Petitioner's crime was deliberate and abusive and would qualify him as an aggravated

Supplemental Brief in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                     6

felon. Deiss Decl., Exh. 1.[3]

### C. A BOND DETERMINATION COULD BE PROPERLY CONSIDERED BY DHS AND REVIEW BY THE IMMIGRATION COURT

Should the Court disagree with Respondents that Petitioner is subject to mandatory detention, the matter should be remanded to DHS for a bond determination under INA § 236(a), 8 U.S.C. § 1226(a).

Section 236(a) of the INA, 8 U.S.C. § 1226(a) grants the Attorney General discretion to determine whether an alien should be detained, released on bond, or released on conditional parole upon a finding of flight risk and danger to the community. Section 236(a) provides as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States, Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on-
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole ...

8 U.S.C. § 1226(a). Factors considered include: (1) the nature and number of disciplinary infractions received while incarcerated or detained; (2) the nature and severity of the alien's convictions, sentences imposed, parole history, recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) ties to the United States; (6) prior immigration violations; (7) flight risk, including history of escapes and failures to appear; (8) other information that is probative of whether the alien is likely to endanger the community or violate his or her release conditions. *See* 8 C.F.R. § 241.4(f).

Here, DHS made an initial bond determination in June 2007, when Petitioner was subject to detention under INA § 235(b) as an arriving alien. Deiss Decl., Exh. 3. DHS has not made a renewed bond determination since Petitioner was charged with being an aggravated felon in March 2008. Should Petitioner disagree with DHS's assessment of whether Petitioner is a flight risk or danger to the community, he can seek review of that decision before an immigration judge under 8

---

[3] This case is easily distinguishable from the crime *Estrada-Espinoza*, 498 F.3d 933, 936 (9th Cir. 2007), which has just gone *en banc*. In *Estrada-Espinoza*, the facts reveal a Romeo and Juliette predicament. No such scenario presents here.

Supplemental Brief in Opposition to Petition for Habeas Corpus
C-08-0881 MHP                                                        7

1  C.F.R. § 1003.19.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request the Court to deny the Petition for a Writ of Habeas Corpus.

Dated: May 12, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


                                        /s/
ILA C. DEISS
Assistant United States Attorney