Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner,
Gurdeep Singh.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH,<br><br>  Petitioner,<br><br>  v.<br><br>LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; ET AL.,<br><br>  Respondents. | No.  CV 08-0881 MHP<br>DHS Alien Number:  A 72-966-539<br><br>PETITIONER'S REPLY TO RESPONDENTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS |

In support of its suggestion that the petitioner, Gurdeep Singh ("Mr. Singh"), is subject to mandatory detention as an alien who has been convicted of an aggravated felony, the government has presented "[a] detailed probation report." *Respondent's Supplemental Brief* at 2. Although the government indicates that this "probation report was submitted to the State Court Judge in August 2003," *id.*, it does not suggest that the Department of Homeland Security ("DHS") presented the document to the immigration judge ("IJ") in support of its charge that Mr. Singh is subject to removal as an aggravated felon. Nor could it. The reason is obvious: a pre-sentence report, like that at issue here, "is not one of the documents we can consider when conducting the modified categorical approach." *Rebilas v. Mukasey*, __ F.3d __, 2008 WL 2066579, *4 (9th Cir. May 16, 2008); *see also Abreu-Reyes v. INS*, 350 F.3d 966, 967 (9th Cir. 2003)("The

immigration judge was not authorized to use the pre-sentence report in determining whether petitioner was an aggravated felon for purposes of removal.").[1] Because the "probation report" cannot be considered in determining whether Mr. Singh is subject to removal as an alien who has been convicted of an aggravated felony (and, in any event, was never submitted to the IJ), the Court must disregard it.[2]

The government's attempt to distinguish *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006) and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), is unavailing. In *Nadarajah*, the Ninth Circuit expressly held that the Immigration and Nationality Act's general detention statutes "permit detention only while removal remains reasonably foreseeable" and that "after a presumptively reasonable six month period, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing.'" *Petition for Writ of Habeas Corpus* at 10-16. Rather than grapple with the express holding of *Nadarajah*, the government seeks to distinguish the case on its facts, asserting that unlike Nadarajah, who was accused of being a foreign terrorist, Mr. Singh "is a violent criminal . . . who has been ordered removed" from the United States to India.[3] *Respondents' Supplemental Brief* at 6. Because Mr. Singh has been

---

[1] As the Supreme Court put it in *Shepard v. United States*, 544 U.S. 13, 25 (2005)(plurality opinion), under the modified categorical approach, a court may generally consider only "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

[2] Before the IJ, DHS conceded that it had no admissible documentary evidence that could be considered under the modified categorical approach and that Mr. Singh's removability as an aggravated felon turns, therefore, on whether California Penal Code § 288a(b)(1) **categorically** involves "sexual abuse of a minor" as that term is used in 8 U.S.C. § 1101(a)(43)(A). *See* Exh 1 (*Declaration of Sara Coppin*). In view of that concession, the Court should not entertain the government's contention that, under the modified categorical approach, Mr. Singh's offense constitutes an aggravated felony. *See Respondents' Supplemental Brief* at 6-7.

[3] Before the IJ, however, DHS did not present any evidence at all that Mr. Singh is a "violent criminal." To the contrary, it established nothing more than that five years ago, Mr. Singh was convicted of misdemeanor false imprisonment and a felony oral copulation with a

detained for much longer than the sixth month period described in *Nadarajah*, however, his continuing detention is permitted only if the government can show that there is a significant **likelihood** of **removal** in the **reasonably foreseeable** future.  DHS, however, can make no such showing.  Mr. Singh has already appealed the IJ's order of removal and is not likely to receive a decision on that appeal for, at a minimum, several months.  Moreover, if the Board denies his appeal, Mr. Singh intends to seek review of that decision and the Board's September 13, 2007 decision (reversing the IJ's decision terminating his removal proceedings) to the Ninth Circuit – a process that is likely to take at least another year.  *See Tijani,* 430 F.3d at 1242 (noting that "foreseeable process" for petition for review of removal order in Ninth Circuit is "a year or more"); *see also* Ninth Circuit United States Courts 2006 Annual Report at 36-38, *available at* http://www.ce9.uscourts.gov/publications/AnnualReport2006.pdf (Median time from filing of appeal to disposition for Ninth Circuit in 2006 was 15.5 months).[4]  The Court must, therefore, conclude that Mr. Singh's continuing detention is not authorized by the INA's general detention statutes.

Similarly, the government has failed to distinguish *Tijani*, where the Ninth Circuit construed INA § 236(c), 8 U.S.C. § 1226(c), the very same provision at issue in this case, to apply only to "expeditious" removal proceedings, and ordered that the petitioner be released unless the government proved at a hearing before an immigration judge that he presented a sufficient flight risk or danger to the community to justify his detention. *Id.* at 1242.  Although

---

minor.  Whether these offenses render Mr. Singh removable is an issue that has yet to be determined by the Board of Immigration Appeals and the United States Court of Appeals for the Ninth Circuit.  Indeed, the government acknowledges that the immigration judge has not yet even rendered a "reasoned decision" in support of his conclusion that Mr. Singh is subject to removal as an aggravated felony.

[4] This figure almost certainly underestimates, substantially, the actual time to disposition in petitions for review where non-citizens obtain stays of removal. The median time calculation includes both cases terminated procedurally (of which there were 6,639) and cases disposed of on the merits (of which there were 6,421). However, cases terminated procedurally are decided far sooner than cases decided on the merits, and non-citizens who obtain discretionary stays of removal most likely have their cases resolved on the merits.

the *Tijani* Court did not define "expeditious," that term most certainly does not include cases like this one in which it took the immigration judge more than a year simply to rule, in the first instance, on whether Mr. Singh is deportable as an aggravated felon.  In arguing that *Tijani* does not apply here because Mr. Singh "has presented no evidence that he is likely to succeed on appeal with his argument that Oral Copulation with a Minor is not categorically an aggravated felony," the government misses the mark.  Without a doubt, Mr. Singh has a substantial argument that he is not, in fact, deportable as an aggravated felon, and, as a result, the issues presented by his case are not likely to be decided by the BIA and the Ninth Circuit in the reasonably foreseeable future.  Because Mr. Singh's removal proceedings have been far from "expeditious" and are not likely to be completed any time soon, Tijani requires that Mr. Singh be immediately released or, in the alternative, afforded a bond hearing before an immigration judge.

Dated: May 19, 2008            Respectfully submitted,

LAW OFFICE OF ROBERT B. JOBE

/s/ Robert B. Jobe
_____
Robert B. Jobe
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner

Petitioner's Reply to Respondents' Supplement Brief
No. C 08-0881 MHP                         4

# Exhibit 1

Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner,
Gurdeep Singh.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURDEEP SINGH,<br><br>   Petitioner,<br><br>   v.<br><br>LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; ET AL.,<br><br>   Respondents. | No.   CV 08-0881 MHP<br>DHS Alien Number:   A 72-966-539<br><br><br><br>**DECLARATION OF SARA E. COPPIN** |

I, SARA E. COPPIN, declare the following:

1. I am an attorney in good standing with the Supreme Court of California, and an associate at the Law Office of Robert B. Jobe. I represented Gurdeep Singh ("Mr. Singh") in removal proceedings before Immigration Judge ("IJ") Michael Yamaguchi in San Francisco on April 21, 2008, at which the judge found Mr. Singh's conviction for a violation of California Penal Code § 288a(b)(1) constituted sexual abuse of a minor and therefore rendered Mr. Singh deportable as an aggravated felon..

2. Although the IJ has not yet rendered a reasoned decision in the case, he briefly explained the basis for his decision. In so doing, the IJ made very clear that his decision was

1  based on a purely categorical approach to the conviction, and there were no documents in the
2  record to consider in a modified categorical approach in any event. The IJ then asked counsel for
3  the Department of Homeland Security ("DHS"), as well as myself, if this was correct. Both
4  counsel for DHS and I agreed.
5       I swear and affirm, under penalty of perjury, that the foregoing declaration is true and
6  correct to the best of my knowledge and was executed in San Francisco, California on the 19th
7  day of May, 2008.

Signed: _____          Dated: 5/19/2008
        Sara E. Coppin

Declaration of Sara E. Coppin
No. C 08-0881 MHP